**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PhD MARKETING, INC. and E-HOSE TECHNOLOGIES LLC, | )<br>)<br>) Case No. 15-cv-4702<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | )<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT**

Plaintiffs PhD Marketing, Inc. and E-Hose Technologies LLC (collectively, "Plaintiffs") hereby bring the present action against ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("Defendant" or "▇▇▇▇▇▇▇▇") and allege as follows:

**I. INTRODUCTION**

1. This action has been filed by Plaintiffs to address Defendant's selling and offering for sale of unlicensed products bearing counterfeit reproductions of Plaintiffs' registered trademarks (the "Counterfeit Products") through Defendant's website at ▇▇▇▇▇▇▇▇ (the "Defendant Website"). Plaintiffs' seek to stop Defendant's counterfeiting and infringement of their registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Products over the Internet. Plaintiffs have been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## II. THE PARTIES

**Plaintiff**

2. Plaintiff PhD Marketing, Inc. ("PhD Marketing") is a corporation duly organized and existing under the laws of the State of California with is principal place of business at 1373 Ridgeway Street, Pomona, California 91768.

3. Plaintiff E-Hose Technologies LLC ("EHT") is a limited liability company duly organized under the laws of the State of California with its principal place of business at 1373 Ridgeway Street, Pomona, California 91768.

4. Since 2013, EHT has been engaged in the design, distribution, and sale of electronic smoking products, including electronic cigarettes and hookahs (collectively, "Plaintiffs' Products"). PhD Marketing is the manufacturer and importer of Plaintiffs' Products.

5. Since its introduction in January 2013, EHT's "E-HOSE," an electronic portable hookah, quickly gained popularity as a result of its engineering and design.

6. The E-HOSE® patented design uses two flavor cartridges in a large device and allows for those two cartridges to be used at once. This technique delivers more vapor, more flavor, and a means to mix and match flavors.

7. Plaintiffs' Products are built with durability and longevity in mind without sacrificing quality and aesthetic appeal.

8. In addition to coverage in various national magazines and trade publications, Plaintiffs' Products have received much unsolicited media attention in the trade and have been featured in popular music videos, including "Dream Warrior" by Harlee featuring Akon, "Show Me" by Kid Ink featuring Chris Brown, and "Achy Breaky 2" by Buck 22 featuring Billy Ray Cyrus.

9. PhD Marketing owns the following trademarks shown below:

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 4,005,820 | SQUARE | Aug. 2, 2011 | For: Electric cigarettes; Electric cigars; Electric smoking pipes in class 034. |
| 4,569,942 | EHEAD | July 15, 2014 | For: Hookah parts, namely, an electronic personal vaporizing bowl piece that fits and operates on top of a hookah instead of the tobacco and charcoal filled tunnel in class 034. |
| 4,556,031 | XHOSE | June 24, 2014 | For: Electric cigarettes; Electronic cigarette lighters; Electronic cigarette refill cartridges sold empty; Electronic cigarettes; Electronic cigars; Electronic hookahs; Electronic smoking pipes; Smokeless cigar vaporizer pipes; Smokeless cigarette vaporizer pipe in class 034. |
| 4,599,492 |  | Sept. 9, 2014 | For: Electronic cigarettes in class 034. |

10. EHT owns and has exclusively licensed the following trademarks shown below to PhD Marketing as of November 22, 2013.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 4,463,945 | E-HOSE | Jan. 7, 2014 | For: Chemical flavorings in liquid form contained within a cartridge used to refill electronic cigarettes in class 030. |
| 4,456,664 | E-HOSE | Dec. 24, 2013 | For: Cigarette tubes; Electric cigarettes; Electronic cigarette refill cartridges sold empty; Electronic cigars; Electronic hookahs; Hookah parts, namely, tube and hose; Hookah tobacco; Hookahs; Smokeless cigarette vaporizer pipe; Smoker's articles, namely, hookah charcoal in class 034. |

11. All trademarks referenced above owned by or exclusively licensed to PhD Marketing are hereinafter collectively referred to as "Plaintiffs' Trademarks."

12. The above U.S. registrations for the Plaintiffs' Trademarks are valid, subsisting, and in full force and effect. The registrations for the Plaintiffs' Trademarks constitute *prima facie* evidence of their validity and of Plaintiffs' exclusive right to use Plaintiffs' Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the above United States Registration Certificates are attached hereto as **Exhibit 1**.

13. Plaintiffs have continuously sold Plaintiffs' Products under Plaintiffs' Trademarks and have built substantial goodwill in Plaintiffs' Trademarks.

14. Plaintiffs have expended substantial time, money, and other resources in developing, advertising, marketing, and otherwise promoting Plaintiffs' Trademarks and in maintaining the distribution and sale of high quality products in connection therewith. As such, Plaintiffs have established goodwill and a favorable reputation for themselves and the Plaintiffs' Trademarks. Plaintiffs' Trademarks are valuable assets of Plaintiffs.

15. Plaintiffs have extensively used, advertised, and promoted the Plaintiffs' Trademarks in the United States in association with the sale of the Plaintiffs' Products. Plaintiffs have spent millions of dollars since 2013 to build its brands and invest millions of dollars per year marketing its products under Plaintiffs' Trademarks. For example, Plaintiffs have placed advertisements in trade publications including InterTabac, HQ Trade Magazine and Buyers Industry Guide. Plaintiffs have also produced at least three television commercial spots.

16. As a result of Plaintiffs' efforts, members of the consuming public readily identify merchandise bearing Plaintiffs' Trademarks as being high quality merchandise sponsored and approved by Plaintiffs.

17. Plaintiffs' Trademarks are distinctive when applied to electronic smoking devices, signifying to the purchaser that the products come from Plaintiffs and are manufactured to Plaintiffs' quality standards. Whether Plaintiffs manufacture the products themselves or license others to do so, Plaintiffs have ensured that products bearing Plaintiffs' Trademarks are manufactured to the highest quality standards. Plaintiffs' Products have been widely accepted by the public and are enormously popular as demonstrated by over five million dollars in sales last year.

**The Defendant**

18. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

19. ████████████████████████████████████████████████████████████████████████████████

23. ███████████████████████████████████████

███████████████████████████████████████

██████████████████████     ██████████████

███████████████████████████████████████

██████████████████████████

## III. JURISDICTION AND VENUE

24. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since it directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive commercial website at ████████ Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiffs' Trademarks. Defendant has targeted sales from Illinois residents by operating a commercial, interactive website that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and has sold products bearing counterfeit versions of Plaintiffs' Trademarks to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

6

## IV. DEFENDANT'S UNLAWFUL CONDUCT

26. ████████████████████████████████████████████

27. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

28. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████



| Plaintiffs' E-Hose Mini | Defendant's Counterfeit Product |

29. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



| Plaintiffs' E-Head | Defendant's Counterfeit Product |
|---|---|

30. Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Plaintiffs' Trademarks and the goodwill associated therewith.

31. Defendant, without any authorization, license, or other permission from Plaintiffs' has used the Plaintiffs' Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet.

32. Defendant's use of counterfeit reproductions of Plaintiffs' Trademarks in the advertisement, distribution, offering for sale, and sale of Counterfeit Products was willful.

8

33. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

34. ███████████████████████████████████████
████████████████

35. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████

36. ███████████████████████████████████████
█████████████████████████████

37. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████

38. ███ ███ ███ ███ ███ ███ █
██████████████████████████

39. ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

40. ██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

41. ██████████████████████████████████████████████
██████████████████

42. ██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

43. ██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████

44. ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

45. ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████

## COUNT III
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, et seq.)



46. [redacted]

47. [redacted]

48. [redacted]

49. [redacted]

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiffs'

11

      Product or is not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs' Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

   d. further infringing the Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

   e. otherwise competing unfairly with Plaintiffs' in any manner; and

   f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any Plaintiffs' trademark, including the Plaintiffs' Trademarks, or any reproduction, counterfeit copy or colorable imitation thereof;

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through f, supra;

3) That Defendant account for and pay to Plaintiffs all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for

infringement of the Plaintiffs' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 (two million dollars) for each and every use of the Plaintiffs' Trademarks;

5) That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 28th day of May 2015.    Respectfully submitted,

    __/s/ Justin R. Gaudio_____
Paul G. Juettner
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080/312.360.9315 (facsimile)
pjuettner@gbclaw.net
jgaudio@gbclaw.net

*Counsel for Plaintiffs PhD Marketing, Inc. and E-Hose Technologies LLC*